COURT OF APPEALS
DECISION
DATED AND FILED

August 25, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2022AP299**

Cir. Ct. No.  **2021ME121**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT IV**

IN THE MATTER OF THE MENTAL COMMITMENT OF J.L.S.:

WOOD COUNTY,

PETITIONER-RESPONDENT,

V.

J. L. S.,

RESPONDENT-APPELLANT.

APPEAL from orders of the circuit court for Wood County: GREGORY J. POTTER, Judge. *Reversed.*

¶1    FITZPATRICK, J.[1]  The Circuit Court for Wood County entered two orders in this matter.  The first order was a six-month commitment of

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(d) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

J.L.S.[2] pursuant to WIS. STAT. ch. 51. The court also entered an order for involuntary administration of medication and treatment regarding J.L.S. Later, at the request of Wood County, the circuit court entered an order of dismissal in this case in March 2022. On appeal, J.L.S. argues that this appeal of the previously entered orders of the circuit court is not moot because of collateral consequences to J.L.S. based on those orders. For reasons noted in the appellant's brief, J.L.S. asks for "outright reversal" of the circuit court's orders for a six-month commitment and involuntary administration of medication and treatment.

¶2      Wood County has not filed a response brief in this court. Instead, about two weeks ago, corporation counsel for the County filed a letter with this court stating in pertinent part: "Please be advised that Wood County will not be filing a respondent's brief in the above matter as called for in WIS. STAT. § 809.19(3) as the County believes the appellant has correctly set forth the law in her brief."

¶3      The only reasonable reading of the letter from corporation counsel for the County is that the County does not oppose J.L.S.'s request on appeal that this court reverse the above-mentioned orders of the circuit court. For those reasons, based on the agreement of the parties to this appeal, both the circuit court's order for a commitment of J.L.S., and the circuit court's order for involuntary administration of medication and treatment for J.L.S., are reversed.

*By the Court.*—Orders reversed.

---

[2] Pursuant to WIS. STAT. § 809.19(1)(g), I refer to the appellant by initials in order to ensure confidentiality.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.